# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| WENDY KEIRSTED, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTOR & GAMBLE COMPANY, an Ohio Corporation,<br><br>Defendant. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Wendy Keirsted ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendant The Proctor & Gamble Company ("Defendant" or "P&G"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF CASE

1. This is a consumer Class Action against The Procter & Gamble Company for its false advertising, unfair and deceptive marketing practices, and materially misleading claims and omissions they employed and disseminated in connection with the sale of its Crest brand Gum & Enamel Repair toothpaste (the "Product"). On the front of the Product, P&G represents that the Product provides gum repair

1

(the "gum repair representation"). Defendant's gum repair representation is false, misleading, and reasonably likely to deceive the public.

2. Consumers are willing to pay a premium for these enamel repairing products based on these purported benefits.

3. P&G actively misleads consumers to believe the Product will repair damaged gums.

4. P&G promotes the Product with multiple claims printed on the product packaging and tube labels of the Product.

5. P&G's marketing strategy has been successful, and the gum and enamel repair products have become popular in its product category. However, that success is built around messaging that is materially misleading and deceptive to consumers, lacks a factual basis, and recklessly omits material information.

10. P&G knew or should have known that its claims regarding the Gum & Enamel Repair Toothpastes were misleading, deceptive, and/or false and lacked a reasonable basis or credible substantiation.

11. P&G also omitted material facts, including the fact that the active ingredient is incapable of repairing gums.

12. As a result of P&G's marketing claims and messaging, Plaintiff and other consumers reasonably and justifiably relied upon and attributed credence and value to the asserted benefits of the Product.

13. As a direct and proximate result of P&G's misrepresentations, material omissions and deceptive practices in its advertising and labeling, Plaintiff and others similarly situated have suffered actual injuries from their purchase of one or more of the Product and did not receive the full value of their purchase. P&G successfully induced Plaintiff and the putative class members to purchase the Product that cannot effectively promote gum and enamel repair functions as represented by P&G.

14. By falsely advertising and misbranding its Product, P&G prioritizes its own profits over consumer's needs. P&G's conduct in its advertising, labeling, and sale of the Product was, and continues to, be substantially injurious to consumers, as well as unconscionable and in contravention of public policy.

15. P&G's false advertising and labeling and materially misleading claims and omissions have enabled it to sell the Product in great quantity.

16. Defendant's conduct is consumer-oriented and likely to deceive reasonable consumers and is in violation of Florida consumer laws and constitutes unlawful practices in violation of Florida Deceptive and Unfair Trade Practices Act well as violations of common law. Defendant was unjustly enriched as result of its misconduct.

17. Plaintiff brings this proposed Class Action on behalf of herself and other similarly situated consumers throughout the nation, including Florida, who purchased the Product within the relevant statute(s) of limitations period (the "Class").

18. For the alleged violations of state statutory law and common law, Plaintiff seeks on behalf of herself and the members of the Class, to recover compensatory and statutory damages, treble or punitive damages as available, attorneys' fees and costs, as well as declaratory and injunctive relief.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant.

20. This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of Florida and purposefully availed itself, and continues to avail itself, of the jurisdiction of this Florida through the privilege of

conducting its business ventures in the state of Florida, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district, and Plaintiff made her purchase of the Gum & Enamel Toothpaste in this district and her purchased product was delivered to, and used, in this district.

## PARTIES

22. Plaintiff Wendy Keirsted ("Plaintiff") is a natural person and a citizen of Brevard County, Florida, residing in Titusville. Plaintiff purchased the Gum & Enamel Repair product from a local retailer. Prior to her purchase, Plaintiff saw and reviewed Defendant's advertising claims on the toothpaste packaging and labeling itself, and she made her purchase of the toothpaste in reliance thereon. Plaintiff specifically relied upon representations made by Defendant that the toothpaste had gum and enamel repairing properties. Plaintiff did not receive the promised benefits or receive the full value of her purchase.

23. Defendant The Proctor & Gamble Company is an Ohio corporation with its principal place of business at 1P&G Plaza, Cincinnati, OH 45202. P&G is licensed to conduct business in Florida. Defendant is an American multinational consumer goods corporation. The company reported annual revenue of more than $73 billion in 2020.

24. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

25. P&G knowingly misleads consumers with misrepresentations concerning efficacy in its Crest Gum & Enamel Repair toothpaste in its labeling, packaging, advertising, and marketing.

26. The Product is sold at major retailers around the country and a single 4.1 oz tube of the Product retails for the premium price of approximately $6.99-$9.29.

27. Throughout the relevant class period, Defendant has consistently communicated to the consumers in Florida and throughout the United States that its Product can repair gum damage. This is false.

28. Every consumer who purchases the Product is subjected to the misleading gum repair representations, which appeared prominently and conspicuously on the front of each Product during the Class Period as shown below:



29.     Defendant plainly states that its product is for GUM & ENAMEL REPAIR in large typeface leads reasonable consumers reading the Product label to believe that the Product will "repair" their gums as well as their enamel. This is false.

30.     Plaintiff understood the label to mean the product would provide gum repair as any reasonable consumer would assume. Plaintiff paid for a product that would

repairs gums, but it does not. Defendant's Product may or may not prevent further gum damage but gums that have suffered structural damage cannot be repaired, restored, or re-grown through use of the Product. The only way to repair gums is through periodontal treatment, including cosmetic dental surgery such as gum grafting. *See* Periodontal Treatments and Procedures | Perio.org; Shaddox, L. and Walker, C., Treating chronic periodontitis: current status, challenges, and future directions, Clin. Cosmet. Investig. Dent., v.2; Aug. 11, 2010, *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3645457/. (Last viewed on April 23, 2021.)

31.     Furthermore, the Product's active ingredient –Stannous Fluoride .454% (.14% W/V Fluoride Ion) – which is common to most toothpastes, provides no special gum "repair" benefits.

32      As a result of Defendant's wrongful conduct, Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive gum repair representations. Plaintiff and Class members have been damaged in their purchases of the Product and have been deceived into purchasing the Product which they believed, based on the Product labels and other misrepresentations, was capable of repairing gums. This is false.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action on behalf of herself and all similarly situated consumers pursuant to Rules 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of all others similarly situated, and as a member of the Classes defined as follows (collectively, the "Class"). The Class of persons whom Plaintiff seeks to represent is defined as:

> Nationwide Class: All persons or entities within the United States who purchased one or more of P&G's Gum & Enamel Repair Toothpastes for

personal use from the beginning of any applicable limitations period through the date of preliminary approval.

Florida Class: All persons in Florida who, from the beginning of the applicable limitations period through the date of preliminary approval, purchased one or more of P&G's Gum & Enamel Repair Toothpastes for personal use and not for resale.

34. Excluded from the class are the Defendant, any parent, subsidiary or affiliate of the Defendant, any entity in which the Defendant has a controlling interest, and the respective officers, directors, employees, agents, legal representatives, heirs, predecessors, successors, and assigns of such excluded persons or entities.

35. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

36. Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impracticable.

37. There are questions of law and fact common to the Class.

38. Plaintiff's claims are typical of the claims of the members of the Class. The named Plaintiff is a member of the Class of consumers described herein.

39. The named Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity with all the obligations and duties material thereto. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly and irrevocably conflicts with the interests of other members of the Class.

40. The interests of the named Class representative are co-extensive with, and not antagonistic to, those of the absent Class members. The proposed representative will undertake to represent and protect the interests of the absent Class members.

41. The named Plaintiff has engaged the services of counsel indicated below. Counsel is experienced in complex class-action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise will represent the named Class representative and absent Class members.

42. This action is appropriate as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

43. This action involves questions of law and fact common to Plaintiff and all members of the Class. Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

a. whether Defendant owed a duty of care to Plaintiff and the Class;

b. whether Defendant knew or should have known that the Gum & Enamel Repair Toothpaste could be ineffective;

c. whether Defendant wrongfully represented and continues to represent that the Gum & Enamel Repair Toothpastes are effective;

d. whether Defendant's representations in advertising, warranties, packaging, and/or labeling are false, deceptive, and misleading;

e. whether the alleged omissions and misrepresentations are likely to deceive a reasonable consumer;

f. whether Defendant had knowledge that those alleged omissions or misrepresentations were false, deceptive, and misleading;

g. whether Defendant continues to disseminate those alleged omissions and misrepresentations despite knowledge that the representations are false, deceptive, and misleading;

h. whether Defendant's alleged omissions or misrepresentations and descriptions on the labeling of the Gum & Enamel Toothpaste products are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

i. whether Defendant engaged in unfair trade practices;

j. whether Defendant engaged in false advertising;

m. whether Defendant's conduct was negligent per se;

k. whether Plaintiff and the members of the Class are entitled to actual, statutory, and punitive damages; and

l. whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

44. There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action because individual damages are relatively small, making it economically infeasible for Class members to pursue remedies individually. The prosecution of separate actions by individual members of the Class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to individual Class members against Defendant and would establish incompatible standards of conduct for Defendant.

45. Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

• given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

• when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

- this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

- without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

47. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

48. Defendant has acted on grounds applicable to the Class generally; therefore, Plaintiff seeks equitable and injunctive relief on behalf of the entire Class on grounds generally applicable to the entire Class.

## COUNT I
### For Violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 et seq.

49. Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs above as if fully set forth herein.

50. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their business.

51. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that Defendant's Gum & Enamel Repair Toothpaste products were effective.

52. Plaintiff and Class members relied upon these advertisements in deciding to purchase the Product. Plaintiff's reliance was reasonable because of Defendant's reputation as reliable company.

53. Had Plaintiff known that the Products were not as advertised, she would not have purchased them.

54. As a result of Defendant's deceptive and unfair acts, Plaintiff and Class members have been damaged in the amount paid for the Gum & Enamel Toothpaste product.

55. Defendant's conduct offends established public policy, and is immoral, unethical, oppressive, and unscrupulous to consumers.

56. Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

57. Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that its Gum & Enamel Repair Toothpaste products are not of the quality advertised.

## COUNT II
### For False and Misleading Advertising, Fla. Stat. § 817.41

58. Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs above as if fully set forth herein.

59. On their website, in print advertisements, and in other forms of advertisements, Defendant made numerous misrepresentations of material fact that regarding its Gum & Enamel Repair Toothpaste products quality.

60. Defendant knew that these statements were false.

61. Defendant made these statements for the purpose of selling property, and intended that consumers rely upon them in purchasing its Products.

62. Plaintiff and Class members did in fact rely upon these statements. Reliance was reasonable and justified because of Defendant's reputation as a reliable company.

63.     As a result of Defendant's misrepresentations, Plaintiff and Class members suffered damages in the amount paid for Defendant's Gum & Enamel Repair Toothpaste.

64.     Plaintiff and Class members are entitled to damages and injunctive relief as set forth above.

## COUNT III
## Unjust Enrichment

65.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

66.     Plaintiff and Class members conferred a benefit on Defendant by purchasing the Products at an inflated price.

67.     Defendant received the moneys paid by Plaintiff and Class members and thus knew of the benefit conferred upon them.

68.     Defendant accepted and retained the benefit in the amount of the profits they earned from Defendant's Gum & Repair Toothpaste sales paid by Plaintiff and Class members.

69.     Defendant has profited from their unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit.

118.    Plaintiff does not have an adequate remedy at law against Defendant.

119.    Plaintiff and Class members are entitled to restitution of the excess amount paid for the Product and disgorgement of the profits Defendant derived from their Gum & Enamel Repair Toothpaste sales.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

A. Certify this action as a class action;

B. Award compensatory, statutory, and punitive damages as to all Counts where such relief is permitted by law;

C. Enjoin Defendant's conduct and order Defendant to engage in a corrective advertising and labeling/disclosure campaign;

D. Award equitable monetary relief, including restitution;

E. Award pre-judgment and post-judgment interest at the legal rate;

F. Award Plaintiff and Class members the costs of this action, including reasonable attorneys' fees and expenses; and

G. Award such other and further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: May 4, 2021                                  s/William C. Wright

                                                    WILLIAM WRIGHT
                                                    THE WRIGHT LAW OFFICE, P.A.
                                                    FL BAR NO. 138861
                                                    515 N. Flagler Drive
                                                    Suite P-300
                                                    West Palm Beach, FL 33410
                                                    Telephone: (561) 514-0904
                                                    Facsimile: (561) 514-0905
                                                    willwright@wrightlawoffice.com

                                                    DANIEL FAHERTY
                                                    TELFER, FAHERTY, &
                                                    ANDERSON, PL
                                                    FL BAR NO. 379697
                                                    815 S. Washington Avenue
                                                    Suite 201

                Titusville, FL 32780
                Telephone: (321) 269-6833
                Facsimile: (321) 383-9970
                danfaherty@hotmail.com
                CGuntner@ctrfa.com